## PORTO RICAN AMERICAN TOBACCO CO. v. CITY BANK FARMERS TRUST CO. et al.

District Court, S. D. New York.
June 27, 1939.

Burroughs & Brown, of New York City (H. Lewis Brown and Frederick P. Benedict, both of New York City, of counsel), for plaintiff.

Shearman & Sterling, of New York City (Robert West, of New York City, of counsel), for defendant City Bank Farmers Trust Co.

White & Simms, of New York City (Edward W. Simms, of New York City, of counsel), for defendants Menendez and Frese.

WOOLSEY, District Judge.

The plaintiff may have relief in the form hereinafter indicated.

I. The subject matter jurisdiction of the Court in this cause is based in part on diversity of citizenship and in part on the fact that one of the defendants is an alien, being a citizen and resident of Cuba.

The cause, therefore, is within the ambit of the decision of the United States Supreme Court in Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and as a New York trust is here involved the law of New York state is applicable.

II. The defendant City Bank Farmers Trust Company is a successor trustee under a trust indenture dated January 1, 1927, securing certain bonds which were issued by the plaintiff.

The complaint prays that this Court as a Court of equity having jurisdiction in the premises should determine whether the defendant bondholders served in this action are an adequate representation of the holders of bonds issued under the indenture aforesaid; that defendant bondholders and all other holders of said bonds shall be bound by the terms of the decree herein; and that the form of notice which was exhibited at the trial and which was sent to all the bondholders known to the complainant would be adequate notice to all such bondholders as are not parties to this cause.

I think that a sufficient number of bondholders have been served to constitute an adequate representation of them as a class and as all of them have been notified I think that the first prayer of the complaint can properly be granted. Cf. New York State Railways v. Security Trust Company, 135 Misc. 456, 238 N.Y.S. 354, 361; United States Mortgage & Trust Company v. New York Dock Company, 108 Misc. 120, 177 N.Y.Supp. 455, 458.

I left the question of the percentage of the bondholders to be made parties very plastic in my decision in the case of T. J. Moss Tie Company v. Wabash Railway Company, D.C., 11 F.Supp. 277, making it depend on the circumstances of each case.

I think that the proceedings taken against the bondholders in the present cause are sufficient to give the plaintiff a locus standi to ask the relief which it is seeking herein.

III. The ultimate objective of the plaintiff is contained in the third prayer of the complaint which asks leave that the trustee be permitted to deviate from the trust. The deviation desired is stated to be in the interest of the trust.

The plaintiff is the owner of 151,300 shares of Waitt & Bond, Inc. Class B common stock, being the majority of the stock in said Company now outstanding. Fifty thousand (50,000) shares of this stock are pledged to the trustee under the trust indenture for securing the bonds aforesaid. Although 101,300 shares of said stock are now in the portfolio of the plaintiff and are not pledged, the trustee claims that by virtue of the provisions of the indenture— Article First, Section 1(b) and Article Fourth, Section 19—Waitt & Bond, Inc., was a "constituent company" of the plaintiff company within the definition of the indenture, Article First, Section 1(b), and that under Article Fourth, Section 19, the trustee has a claim to the proceeds of the 101,300 shares. Whether this claim is enforcible or not, it is a cloud on the title to those shares.

William E. Waterman, an officer and director of Waitt & Bond, Inc., has entered into an agreement, subject to the Court's approval, for the purchase by him from the complainant of the said 151,300 shares of this stock as an entirety for $151,300, provided that he will thereby acquire an absolute and unencumbered title to said shares, free and clear of any liens, rights, charges, trusts, equities or claims of the trustee under said trust indenture, said bondholders or any one else by virtue of said trust indenture.

The effect of this is to require, in order to give the purchaser a good title, that the 50,000 of said shares pledged under said trust indenture shall be released by the trustee and that the 101,300 shares shall be transferred to him free and clear of any cloud on title because of claimed rights of the trustee and the bondholders.

IV. On the evidence given during the trial, it seems to me that it would be to the advantage of the trust to sell for One dollar ($1) per share the 50,000 shares of stock of Waitt & Bond, Inc. which is pledged with the indenture trustee. But this will not suffice for Mr. Waterman because, apparently, he wishes to control the corporation of Waitt & Bond, Inc., and the 151,300 shares will constitute control thereof.

The result is that it is a question of selling to Mr. Waterman all or none of the

stock of Waitt & Bond, Inc., now owned by the plaintiff, including the pledged shares, and of removing the cloud arising as above described on the title to the 101,300 shares owned by the plaintiff but not pledged, in order that Mr. Waterman will make the purchase.

The contract under which Mr. Waterman has agreed to buy, if the Court gives its consent, expires, if I remember correctly, sometime in September. Consequently, this chance to sell at as good a price as One dollar per share this Waitt & Bond, Inc. stock which was shown by the evidence to be a frozen asset of the plaintiff, in part pledged to the trustee, will probably be lost unless the present chance to sell is availed of.

The trustee and all the bondholders who have appeared or been heard from think this sale is wise.

V. Proof has also been introduced to show that plaintiff's Board of Directors has passed a resolution contemplating promptly going into debtor proceeding under the Chandler Act (52 Stat. 840, 11 U. S.C.A. § 1 et seq.).

It seems to me that as a result of that proceeding the status of the $101,300 purchase price for the 101,300 shares not pledged would undoubtedly have to be considered.

■ Consequently, the remedy I will grant in this situation is that, as a condition of my allowing the sale of the 50,000 shares of Waitt & Bond, Inc., out of the trust for the sum of One dollar per share, the decree herein must provide that, if and when paid, the said $101,300—proceeds of the 101,300 shares of Waitt & Bond, Inc. which were not pledged—shall be held by the City Bank Farmers Trust Company in some form of deposit so that it will not presently be put into the trust but will be held as a separate fund during the contemplated debtor proceeding until it may be determined therein or by plenary suit whether or not its payment to the trustee herein would be a preference under such debtor proceeding as is impending.

■ VI. I am not going into any of the details of this cause because under the Rules of Civil Procedure, Rule 52(a), 28 U.S.C.A. following section 723c, findings of fact and conclusions of law separately numbered must be filed in all cases of this kind.

Counsel for the plaintiff and for the trustee must collaborate in drawing up findings of fact and conclusions of law in accordance with the foregoing opinion and Rule 52(a), and, after these are drawn, they must be submitted to me through the Clerk's office, unless agreed, on five days' notice to the counsel for any of the bondholders who appeared at the trial.

Under the circumstances I hope that the findings of fact and conclusions of law can be agreed and, if not, counsel for the parties who object to them or any of them must file criticism to such as are proposed by the counsel for the plaintiff and the trustee.

■ As only the findings of fact and conclusions of law which I sign will be filed as part of the record herein it is useless to file counter findings.

All proposed findings of fact and conclusions of law submitted to me must be typed in triple spacing so that I may conveniently correct them if I wish to do so.

VII. After the findings of fact and conclusions of law are signed by me a final decree in accordance with the views hereinabove expressed may be submitted to me through the Clerk's office for my signature.

There will not be any costs allowed.